UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0082T |
| | ) | |
| WILLIAM WILLIAMS | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes William Williams, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to U.S.S.G. § 4A1.3(b)(1), to depart downward from the advisory guideline range based on the overstatement of his criminal history. Attached is Mr. Williams's memorandum in support of this motion.

Respectfully submitted
William Williams
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on _________, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0082T |
| | ) | |
| WILLIAM WILLIAMS | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

William Williams, the Defendant in the above captioned matter, has moved this Court to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1). Chapter Four of the United States Sentencing Guidelines attempts to assess the seriousness of an individual's criminal history in order to aptly consider it in sentencing. U.S.S.G. §4, Introductory Commentary (2006). The chapter proclaims that the criminal record directly relates to the purposes of punishment in 18 U.S.C. § 3553(a)(2).[1] The guideline, however, falls short of an accurate analysis when applied to individual cases. The guideline assess's points for convictions only based the length of sentence, with no regard to the nature of the offense and surrounding facts. Further, it makes generalizations about prospective rehabilitation and recidivism in relation to prior convictions which have little worth given the Court's mission to sentence individuals.

Mr. Williams's criminal record is significant in number of convictions, but otherwise not nearly as serious as the guideline assessment makes it seem. Following to the guideline rules, Mr.

[1]The statute provides, in pertinent part, that
"the court consider the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
18 U.S.C. § 3553(a)(2) (2005).

Williams has a total of 13 criminal history points. Section 4A1.3(b)(1) states, in pertinent part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

His three felony convictions all date back ten years ago. Since 1997 he has 8 misdemeanor convictions which account for 6 criminal history points, but, although numerous, 5 of those cases are driving offenses. Mr. Williams's record clearly shows that he has made a determined effort to stay out of serious trouble for the past 10 years. The guidelines do not account for the disparity between Mr. Williams's very serious crimes of 1996, and the more mundane misdemeanor offenses he has acquired since. For these reasons a downward departure is appropriate to reflect the less serious aspect of his criminal record.

Respectfully submitted
William Williams
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on ___________, 2007.

/s/ Kevin J. Fitzgerald