UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0082T |
| | ) | |
| WILLIAM WILLIAMS | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes William Williams, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than what is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Williams requests the Court impose a sentence of 54 to 66 months in prison, which will be sufficient in this case to satisfy the purposes of sentencing.

Respectfully submitted
William Williams
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on ___________, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0082T |
| | ) | |
| WILLIAM WILLIAMS | ) | |

# MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Williams respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Williams submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Williams requests the Court to consider imposing a sentence of 54 to 66 months of incarceration. The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary.

## II. Procedural Background

On May 18, 2006, the Providence Police arrested Mr. Williams after finding the charged firearm pursuant to a search warrant. Mr. Williams was held by the State of Rhode Island at the ACI. The government obtained this indictment on July 12, 2006, and Mr. Williams made his initial appearance before this Court on July 17, 2006. Mr. Williams pled guilty to this charge on October 10, 2006. Sentencing is presently scheduled for April 26, 2007.

## III. Sentencing Considerations

A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory

---

[1] The statute provides, in pertinent part, that:

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1[st] Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1[st] Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[3], continues to embrace and support a de facto mandatory sentencing scheme.[4]

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best

---

[3] The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[4] In fact, the First Circuit has yet to reverse a guideline sentence as unreasonable while reversing all below guideline sentences appealed by the government. *See* NYCDL Appendix to Amicus Brief in *Rita v. United States* and *Claiborne v. United States* (excerpt attached; available at www.nycdl.org (reasonableness review database).

position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[5] Mr. Williams presents ample circumstance to warrant the Court's imposition of a sentence below the advisory guideline range in this instance.

B. Personal Background

Mr. Williams grew up in a single parent family with his mother and sister. The family was poor, but his mother was always able to provide the necessities. His mother and sister still live in Providence and are very supportive. Mr. Williams's father lives in Providence as well, but William does not enjoy a strong relationship with his father and never lived with him as a child. Mr. Williams also has seven children here in Providence with whom he does have a strong relationship. Although in custody since May, 2006, William does see his children often and did have a very strong presence in their lives before his arrest. Mr. Williams wants to be assigned as close as possible to Rhode Island in order not to lessen his contact with his children.

Mr. Williams has a significant history of substance abuse, and he was exposed to his parents' abuse as a child. Although his mother has been clean for 20 years, his father continues to struggle with drugs. Mr. Williams has continuously used marijuana since he was 14 years old. He has also used ecstacy, PCP, and prescription medication. He does drink alcohol on occasion, but believes he is addicted to marijuana. Mr. Williams is looking forward to participating in drug treatment while incarcerated with the BOP.

Mr. Williams has been employed for most of his adult life. He has worked many different jobs through temporary agencies, but also worked at Stop & Shop, Benny's, and Hess Gas Company in the last two years. Just prior to his arrest Mr. Williams was attempting to get his commercial drivers license and a position with Swift Transportation.

C. Criminal History

While Mr. Williams has a significant criminal record, the Court must recognize that the advisory guidelines overstate the seriousness of his convictions. The guidelines place Mr. Williams

---

[5]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; <u>the sentencing court</u> must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

in CHC VI based on 13 criminal history points. Only 5 of those points relate to felony offenses.[6] The advisory guidelines, however, fail to recognize or consider the very real difference in seriousness between felony and misdemeanor offenses. Also, the guidelines fail to recognize or consider that Mr. Williams's felony convictions are 9 to 11 years old. All of his recent contacts with the criminal justice system have been for misdemeanor offenses only. Under these circumstances, CHC VI is not appropriate.

E. Nature of the Offense

Possession of a firearm as a felon is a serious offense. The advisory guidelines here, however, do not take into account certain mitigating facts and suggest a sentence longer than necessary. First, the Court should consider that this gun was locked up inside of a safe, inside a closet, unloaded, rather than being carried about on Mr. Williams's person or stashed in the apartment for convenient use. Second, the guidelines, U.S.S.G. § 2K2.1, add 4 points to the offense level for Mr. Williams's prior convictions; a 1995 robbery and a 1998 cocaine possession (a probationary sentence). The net result is an advisory sentence that does not comport with § 3553(a).

## IV. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Those purposes including deterrence, punishment, respect for the law and rehabilitation. Mr. Williams requests the Court to consider a sentence between 54 and 66 months incarceration. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and also provides ample time for Mr. Williams to take full advantage of the rehabilitative services at the BOP.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve <u>greater</u> justice, deterrence, incapacitation, or rehabilitation. The

---

[6] Mr. Williams also received 2 criminal history points for being on probation for his 1995 2nd degree robbery; P2-1995-2960A. The Court should note that Mr. Williams was within two months of completing this 8 ½ year probationary period and was on a no report status at the time of this offense.

advisory sentencing guidelines combine only two factors when calculating the suggested range: the offense conduct and the defendant's criminal record. The suggested sentence does not include any consideration of Mr. Williams individually as required by § 3553(a)(1) (individual's unique background and characteristics). The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range. The sentence imposed by the Court cannot pass the reasonableness standard of review if it does not promote respect for the law or provide for a fair and just punishment. 18 U.S.C. § 3553(a)(2). The advisory sentencing range recommended here does not comport with the purposes of sentencing under § 3553(a) and the Court cannot apply the guidelines in any kind of general or presumptive manner. As a whole, the facts and circumstances present here warrant a sentence significantly below the advisory range.

V. Conclusion

For all of these reasons, Mr. Williams asks the Court to impose a sentence between 54 and 66 months in prison.

Respectfully submitted
William Williams
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on ___________, 2007.

/s/ Kevin J. Fitzgerald